UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  8:25-cv-02610-AH-(MARx)                    Date  December 16, 2025

Title  *Josue Sermeno v. International Paper Company et al.*

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                             None Present

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION TO REMAND (DKT. No. 14)

On December 15, 2025, Plaintiff Josue Sermeno ("Plaintiff") filed a Motion to Remand ("Motion"). Mot., Dkt. No. 14. Defendant International Paper Company ("Defendant") has not filed an opposition. The Court vacates the hearing on the motion set for January 21, 2026.

The Court denies the motion for failure to comply with the prefiling conference requirement. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*,

2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).  The Court's Standing Order additionally requires the moving party to include a signed certification attached to the end of the filed motion which states: "*I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part*."  Standing Order, Dkt. No. 15, § F(2)(b).

      Plaintiff failed to include the required certification in his motion.  Because the Court is not satisfied that any meet and confer took place before the filing of this Motion, the Court **DENIES** the Motion without prejudice.

      If Plaintiff seeks to renew its motion, it must provide a declaration establishing compliance with Local Rule 7-3 and this Court's Standing Order.  The Court warns that any further failure to comply with the rules may result in sanctions, including denial of any motion.  C.D. Cal. R. 83-7.

**IT IS SO ORDERED.**