UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-02610-AH-(MARx) | Date | January 22, 2026 |
|---|---|---|---|
| Title | *Josue Sermeno v. International Paper Company et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND CASE (DKT. NO. 17) [JS-6]**

Before the Court is Plaintiff Josue Sermeno's ("Plaintiff") Motion to
Remand ("Motion"). Mot., Dkt. No. 17. Defendant International Paper Company
("Defendant") filed an Opposition. Opp'n, Dkt. No. 18. Plaintiff filed a Reply.
Reply, Dkt. No. 20. The Court heard oral argument on January 21, 2026. For the
following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.    BACKGROUND

On September 30, 2025, Plaintiff filed a Complaint against Defendant in the
Orange County Superior Court. *See generally* Compl., Dkt. No. 1-1. Plaintiff
alleges a single cause of action against Defendant for violation of the Private
Attorneys General Act ("PAGA"). *Id.* The Complaint seeks civil penalties under
PAGA based on the following violations of the California Labor Code:

1.  Failure to pay wages for all hours worked at the legal minimum wage, in
    violation of California Labor Code §§ 1194, 1197.
2.  Failure to pay wages to hourly non-exempt employees for workdays that
    Defendants failed to provide legally required and compliant meal periods

and/or failure to pay period premium wages, in violation of California Labor Code §§ 226.7, 1198; Wage Order 1 at § 11.

3. Failure to pay wages to hourly non-exempt employees for workdays that Defendants failed to provide legally required and compliant rest periods and/or failure to pay rest period premium, in violation of California Labor Code § 226.7; Wage Order 1 at §12.

4. Failure to timely pay earned wages during employment, in violation of California Labor Code § 204.

5. Secret payment of lower wages than designated by statute, in violation of California Labor Code §§ 223, 226.7, 246, 510, 1194, 1198, and sections 11 and 12 of the applicable IWC Wage Orders.

6. Failure to provide complete and accurate wage statements, in violation of California Labor Code § 226.

7. Failure to pay all wages due at time of termination/resignation, in violation of California Labor Code §§ 201-03.

*Id.* Defendant removed the case to federal court on November 20, 2025, asserting federal question jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"). Notice of Removal ("NOR"), Dkt. No. 1.[1] On December 16, 2025, Plaintiff filed this Motion. Dkt. No. 17.

## II.   LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392). However, "[c]omplete preemption is an

---

[1] Defendant also filed a declaration of litigation paralegal Cissy Braslow and two collective bargaining agreement (the "CBAs") with the Teamsters District Council 2, Affiliated with the Graphic Communications Conference-International Brotherhood of Teamsters Local 388M that were in effect between July 21, 2021 and the present. *See* Braslow Decl., Dkt. No. 3; Ex. A, Dkt. No. 3-1; Ex. B, Dkt. No. 3-2.

exception to the well-pleaded complaint rule." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905). There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

### A. LMRA Preemption

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States[.]" 29 U.S.C. § 185(a). "Although [Section] 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). As a result, "a civil complaint raising claims preempted by [Section] 301 raises a federal question that can be removed to a federal court." *Id.* at 1152. "To give 'the policies that animate [Section] 301 . . . their proper range,' the Supreme Court has expanded 'the pre-emptive effect of [Section] 301. . . beyond suits alleging contract violations' to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (citing *Allis-Chalmers*, 471 U.S. at 210-11).

The Ninth Circuit has articulated a two-part test to determine whether state law claims are preempted by LMRA Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, the Court must determine whether the claim seeks "purely to vindicate a right or duty created by the CBA itself[.]" *Curtis*, 913 F.3d at 1152 (9th Cir. 2019) (internal citation and quotations omitted). If the right exists solely under the CBA, then the claim is preempted, and no further analysis is required. *Id.* at 1153. If not, the Court must then assess "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply looking to

versus interpreting the CBA." *Id*. (citation modified).  "At this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Id.* (internal quotations and citation omitted).

Plaintiff's PAGA claim is predicated, in part, on an allegation that Defendant failed to pay proper overtime compensation under California Labor Code § 510, which provides the compensation scheme for California workers for overtime hours worked.  However, "the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153-54.  California Labor Code § 514 explains that Section 510:

> do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.  Accordingly, "if Plaintiff's CBAs in this case meet the requirements of section 514, Plaintiff's right to overtime exists solely as a result of the CBAs, and therefore is preempted under Section 310." *Curtis*, 913 F.3d at 1154 (citation modified).[2]

---

[2] As an initial matter, Plaintiff's argument that Defendant's reliance on the exemption in Labor Code Section 514 is an affirmative defense fails.  The district court cases Plaintiff cites in his Motion to support this argument pre-date the Ninth Circuit's opinion in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (2019).  In *Curtis*, as does Plaintiff here, the plaintiffs alleged state law claims and argued that they were pursuing claims based on "their statutorily-guaranteed rights in court – a right that exists independently of these CBAs." *Curtis*, 913 F.3d at 1151 (quotations omitted).  The Ninth Circuit found that "[a]lthough normally federal preemption is a defense that does not authorize removal to federal court, [Section] 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.  In other words, a civil complaint raising claims preempted by [Section] 301 raises a federal question that can be removed to a federal court." *Id.* at 1152 (citations omitted); *see also Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987).  This analysis is unchanged by the Ninth Circuit's recent opinion in

---

CIVIL MINUTES – GENERAL   Initials of Deputy Clerk YS

Section 514 requires that Plaintiff be "covered by" the applicable CBA. Plaintiff argues that Defendant fails to demonstrate in its NOR that Plaintiff was "covered by" either CBA.[3]  Reply at 3-4; Cal. Lab. Code § 514.  Neither the Notice of Removal, the Braslow Declaration, nor the Opposition allege or provide evidence that Plaintiff was actually covered by either of the CBAs.  The only evidence cited by Defendant at oral argument that Plaintiff is covered by a CBA is language in the CBAs themselves "recogniz[ing] the Union as the sole and exclusive collective bargaining agency for all its hourly paid production and maintenance employees;" however, excluded from that covered group are "office-clerical, sales employees, sample makers, and supervisory employees not engaged in production work."  Ex. A, Dkt. No. 3-1, at 1; Ex. B, Dkt. No. 3-2, at 3.  The Court is thus unable to find that Plaintiff was covered by either of the CBAs, and Plaintiff's asserted overtime cause of action involves a right conferred by state law, not by a CBA.  *Cf. Cranton v. Grossmont Hosp. Corp.*, 2022 WL 16572028, at *6 (S.D. Cal. Nov. 1, 2022) (finding even a bare assertion that plaintiff *was* covered by CBAs to be inadequate).

Because Defendant has failed to show that Plaintiff was subject to either of the CBAs, Plaintiff's overtime claim does not involve a right that "exists solely as

*Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1085 (9th Cir. 2025).  As Plaintiff notes, Reply at 4, *Renteria-Hinojosa* states that "[a] defendant cannot, by invoking the agreement as a defense, transform the action into one arising under federal law."  *Id.* at 1089 (internal quotations and citation omitted). However, Plaintiff ignores the preceding clause clarifying the *Burnside* scenarios to which the proposition applies:  "when a plaintiff's state law claim does *not* arise from a collective bargaining agreement or require interpretation of that agreement."  *Id.*  And "if [Plaintiff's CBA] meet[s] the requirements of section 514, [Plaintiff's] right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 310."  *Curtis*, 913 F.3d at 1154 (citation omitted).

[3] Plaintiff raises this argument for the first time in his Reply.  "As a general rule, parties may not raise arguments for the first time in a reply."  *Travelers Cas. & Sur. Co. of Am. v. K.O.O. Constr., Inc.*, 2016 WL 7324988, at *9 (N.D. Cal. Dec. 16, 2016) (citing *McMillan v. United States*, 112 F.3d 1040, 1047 (9th Cir. 1997)). However, "[b]ecause federal courts are tribunals of limited jurisdiction, they have both the inherent authority and the responsibility to consider their own jurisdiction."  *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019).  Therefore, the Court does not consider this argument waived.

a result of the CBA" under *Burnside* Step One.  For the same reason, none of Plaintiff's remaining state law claims are preempted under *Burnside* Steps One or Two, as again, Defendant has failed to show that Plaintiff was subject to either of the CBAs.  Accordingly, the Court finds that Section 301 does not preempt Plaintiff's representative PAGA claim and GRANTS the Motion to Remand.

### B. Fees and Costs

Plaintiff requests that the Court order Defendant to pay for Plaintiff's attorney's fees and costs incurred in litigating this Motion.  Mot. at 9.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The Court finds that Defendant had an objectively reasonable basis to seek removal, in light of the existence of CBAs in effect at the facility where Plaintiff worked during the relevant time period.

Accordingly, the Court DENIES Plaintiff's request for attorney's fees and costs.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  The action is remanded to the Orange County Superior Court, case number 30-2025-01514573-CU-OE-CXC.  All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**